IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SANDRA JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:16-cv-00301 |
| | ) |
| PLANE MAPLE, | ) Judge Trauger |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Sandra Jones, proceeding *pro se*, has filed a civil complaint against defendant Plane Maple, alleging unfair or deceptive trade practices in violation of the Federal Trade Commission Act. Because the plaintiff proceeds *in forma pauperis*, the complaint is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, the complaint must be dismissed for failure to state a claim for which relief may be granted.

### I. FACTUAL ALLEGATIONS

The complaint identifies the grounds for suit as:

> The Federal Trade Commission protecting America's consumers. The Federal laws Prohibits unfair or deceptive acts or practices in or affecting Commerce. When failure to disclose important terms of the layaway.

(ECF No. 1, at 1.)

The entirety of the remainder of the complaint states:

> I would like the Court to order the retailer, Mr. Maple owner of Flip to return my $175.00 dollars. I would like the court to inform Mr. Maple about the laws and that he can not deceitfully take consumers money.

(ECF No. 1, at 2.) From these statements, the court liberally infers that the defendant is engaged in commerce, and that in the course of some unspecified transaction with the plaintiff, he failed to disclose some terms of a layaway purchase agreement. The court further liberally construes the complaint to allege that the plaintiff suffered a loss of $175 as a result of such failure by the defendant.

### II. STANDARD OF REVIEW

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court

1

determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). To survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

**III.     DISCUSSION**

By any standard, the complaint in this case fails to state a claim for relief. As indicated above, the complaint is conclusory and lacking in any specific detail about the alleged transaction, the terms the defendant allegedly failed to disclose, or when and how the concealment of the terms was accomplished. But even if the complaint contained sufficient factual allegations to support a claim of unfair or deceptive trade practices, the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 41 *et seq.*, does not authorize a private cause of action by a consumer. *Sharwell v. Selva*, 4 F. App'x 226, at 227 (6th Cir. 2001). Only the Federal Trade Commission itself is empowered to enforce the FTCA through administrative and civil proceedings, 15 U.S.C. §§ 45(a)(2) and (b), 56(a), 57(b), or to certify an FTCA case to the Attorney General for criminal prosecution. 15 U.S.C. § 56(b).

Accordingly, the plaintiff does not have a federal cause of action based on the facts alleged in her complaint, and the court declines to exercise supplemental jurisdiction over any state law claim the plaintiff may have for violation of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-101 *et seq.*. 28 U.S.C. § 1367(c)(3).

**IV.    CONCLUSION**

For the reasons set forth above, this action will be dismissed for failure to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge